IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-497 (1) |
| | § | |
| DORA ESTELA HERNANDEZ-GONZALEZ, | § | |
|     Defendant-Movant. | § | |

### ORDER DENYING MOTION FOR SENTENCE ADJUSTMENT

Pending before the Court is a *pro se* motion filed by Defendant Dora Estela Hernandez-Gonzalez, which she titled as a "Motion for Sentence Adjustment," received by the Clerk on August 4, 2008. (D.E. 22.) In it, she makes a number of challenges to her sentence and asks for a reduction in her sentence.

First, Hernandez-Gonzalez alleges that she should have received safety valve relief, referencing 18 U.S.C. § 3553(f)(1)-(5). Second, she argues that she should have received a four-level reduction for her role in the offense, claiming that she was a "mule" and thus only a minimal participant in the offense. (D.E. 22 at 2.) Third, she argues that her case was outside the "heartland" of cases because she was driven to commit the offense by feeling trapped and by feeling that there was no other way out to properly provide for her family.

Based on these challenges, she asks for a five-level reduction in her offense level. She also relies on the "new sentence guidelines of 2008."[1]

---

[1] Other than this possible reference, Hernandez-Gonzalez does not refer at all to Amendment 706 of the Sentencing Guidelines, effective November 1, 2007 and made retroactively applicable March 3, 2008. U.S.S.G. § 1B1.10(c). In any event, Amendment 706 applies only to certain defendants whose offenses involved cocaine base or "crack" cocaine. Even if she were claiming relief pursuant to this Amendment, Hernandez-Gonzalez is not entitled to relief under Amendment 706 because her offense involved only cocaine, not cocaine base or crack cocaine. (See PSR at ¶ 12.) Thus, Amendment 706 would not alter her offense

The Court construes Defendant's motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Hernandez-Gonzalez fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter her sentence and her motion (D.E. 22) is DENIED.

It is so ORDERED this 22nd day of August, 2008.

_____
Janis Graham Jack
United States District Judge

---

level or guideline range and is inapplicable. See U.S.S.G. § 1B1.10(a)(2)(A)-(B) (a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized if "none of the amendments listed in subsection (c) is applicable to the defendant" or if a listed amendment "does not have the effect of lowering the defendant's applicable guideline range.")

2